IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
AT SOUTH BEND

GLORIA KLOSTERMAN
AND
EDWARD KLOSTERMAN
6 WILTSHIRE BLVD.
DAYTON, OH 45419

PLAINTIFFS

- VS. -

NEXUS RVS, LLC
1031 US 224 E, BOX 31
DECATUR, IN 46733

AND

ALLY FINANCIAL, INC.
200 RENAISSANCE CENTER
DETROIT, MI 48265-2000

DEFENDANTS

CASE NO.

COMPLAINT AND JURY DEMAND

(BREACH OF WARRANTY)

---

## PRELIMINARY STATEMENT

1. This case involves claims arising from a defective Rv which Nexus Rv designed, built, manufactured, sold and warranted to Plaintiffs but whose defects started at delivery of the vehicle and continued throughout the warranty term, mounting to more than 50 different

defects, at least five of which involved repeat repair attempts, and causing multiple repair trips and about 160 days out of service during the first year of ownership.

2. Jurisdiction exists with this court because a federal claim exists in which there is more than $50,000 in controversy under 15 USC 2301 et seq, invoking 28 USC 1331, and/or the amount in controversy is more than $75,000 and is between citizens of different states, invoking 28 USC 1332, and/or the amount in controversy is more than $75,000 and is between citizens of different states, invoking 28 USC 1332.

## IDENTIFICATION OF PARTIES

3. Gloria Klosterman and Edward Klosterman[1] are natural persons residing in Ohio and are consumers and buyers within the meaning of applicable laws.

4. Nexus Rvs, LLC[2] is a corporation authorized to do business and doing business in Indiana and elsewhere and is a seller and warrantor of a recreational vehicle that plaintiffs purchased from Nexus Rv.

---

[1] Hereafter referred to as The Klosterman Family.

[2] Hereafter referred to as Nexus Rv.

5. Ally Financial, Inc.[3] was and is a corporation and a financing agency, engaged in the business of financing the sale of motor vehicles, and co-operating in the financing of such agreements, within the jurisdiction of this Court.

6. Plaintiffs' obligation to pay Ally, under the agreement which Nexus Rv entered into with Plaintiffs and which Nexus Rv then assigned or otherwise transferred to Ally, is subject to all claims and defenses which Plaintiffs may have against Nexus Rv, and Ally is not a holder in due course of any instrument signed by Plaintiffs.

## FIRST CLAIM: BREACH OF WARRANTY

7. This case involves a defective 2016 Nexus Phantom recreational vehicle that Nexus Rv warranted but which it was not able to repair within a reasonable number of chances or a reasonable amount of time and whose warranty Nexus Rv thereby breached.

8. The allegations of all other paragraphs and claims in this pleading are incorporated as if fully rewritten herein.

9. This claim is for breach of contract and/or warranties by Nexus Rvs LLC doing business as Nexus Rvs in Indiana and elsewhere and for which Ally is derivatively and secondarily liable.

---

[3] Hereafter referred to as Ally.

10. As a result of the above, and the allegations below, inter alia, Nexus Rv breached its warranties to the injury of Plaintiffs and that was unfair, and/or abusive, and/or deceptive and/or unconscionable to Plaintiffs.

11. At all times relevant, Plaintiffs were each a consumer.

12. At all times relevant, Nexus Rv was a supplier and merchant.

13. On or about December 29, 2014 the parties entered into a consumer transaction, in that The Klosterman Family agreed to purchase from Nexus Rv, Nexus Rv agreed to sell to the Klosterman Family under a retail installment contract with Plaintiffs and did so, a certain Rv.

14. Nexus Rv subsequently assigned or otherwise transferred the said retail installment contract to Ally.

15. As part of the transaction with Plaintiffs Nexus Rv agreed to warrant the vehicle to be free from defects and/or malfunctions, the goods being a certain 2016 Nexus Phantom recreational vehicle believed to bear VIN # 1FDXE 4FS 5FDA 08186.

16. The Klosterman Family purchased the vehicle in reliance on the existence of written express warranties from Nexus Rv and on the advertising representations and/or express and/or implied

warranties of Nexus Rv.

17. After purchasing the vehicle, the Klosterman Family discovered that it did not conform to the representations of Nexus Rv inasmuch as it developed continuing malfunctions, defects and problems and that was unfair, and/or abusive, and/or deceptive and/or unconscionable to the Klosterman Family.

18. Because of the numerous warranty-covered defects, the Klosterman Family notified Nexus Rv of the defects beginning on the date of its intended delivery and repeatedly thereafter.

19. After being in the repair shop an excessive number of days, the Klosterman Family asked for a replacement Rv or their money back and were refused.

20. After being refused, the Klosterman Family communicated their written notice directly with Nexus Rv again about its unfair, and/or abusive, and/or deceptive and/or unconscionable acts and practices, including the failure to live up to its warranties.

21. The Klosterman Family gave Nexus Rv a final opportunity to cure its unfair, and/or abusive, and/or deceptive and/or unconscionable acts but it failed to do so.

22. As a result Nexus Rv breached its express and/or implied

warranties and committed one or more unfair, and/or abusive, and/or deceptive and/or unconscionable acts and/or practices which are uncured and/or were incurable.

23. As a result, Nexus Rv's warranties failed of their essential purpose and any limitations contained within the warranty are null and void and Plaintiffs are entitled to all applicable legal and equitable remedies in law.

24. In addition, any limitations contained within the warranty are null and void and without consideration and Plaintiffs are entitled to all applicable legal and equitable remedies in law.

25. Through its advertising and otherwise, Nexus Rv represented that the recreational vehicles it built and sold were fit for the purpose for which they were designed, that they were safe and suitable vehicles for their intended designed use, reliably operable for private transportation and the Klosterman Family purchased the vehicle in reliance upon the belief that Nexus Rv possessed a high degree of manufacturing skill and judgment.

26. By operation of law, Nexus Rv gave to Plaintiffs an implied warranty of merchantability and fitness for use, but the vehicle involved in this case was not, however, of merchantable quality or fit for use

and that was unfair, and/or abusive, and/or deceptive and/or unconscionable to the Klosterman Family.

27. Through its advertising and otherwise, Nexus Rv represented that the recreational vehicles which it manufactured were of merchantable quality, fit and in proper condition for the ordinary use for which such vehicles are designed and used, and the Klosterman Family relied on such, but the vehicle involved in this case was not, however, of merchantable quality or fit for use and that was unfair, and/or abusive, and/or deceptive and/or unconscionable to the Klosterman Family.

28. The malfunctions and defects in the vehicle severely and substantially impaired its use and/or safety and/or value to the Klosterman Family and that was unfair, and/or abusive, and/or deceptive and/or unconscionable to the Klosterman Family.

29. Nexus Rv's failure to timely fix all of the vehicle's defects caused the Klosterman Family to lose confidence in the reliability of the subject motor vehicle and in the ability of Nexus Rv to repair the vehicle's defects and that was unfair, and/or abusive, and/or deceptive and/or unconscionable to the Klosterman Family.

30. The Klosterman Family provided Nexus Rv and/or its repair and

service agents with a reasonable number of opportunities to repair the vehicle but it neglected, failed, refused or otherwise were unable to do so within a reasonable amount of time or a reasonable number of attempts.

31. As a result of the above facts, Nexus Rv breached its warranties and representations with respect to the vehicle.

32. One or more of the defects and malfunctions in the vehicle were covered under the terms of Nexus Rv's warranties, and Nexus Rv failed to repair the vehicle in a timely manner, thereby diminishing the use and/or safety and/or value of the vehicle and that was unfair, and/or abusive, and/or deceptive and/or unconscionable to the Klosterman Family.

33. Nexus Rv and/or one or more of its authorized agents had notices of the breaches of the warranty and the defective condition of the subject motor vehicle within a reasonable time.

34. The Klosterman Family suffered and shall continue to suffer actual, incidental and consequential damages as a direct and proximate result of the inability or other failure of Nexus Rv to repair or replace the vehicle or refund its price and that was unfair, and/or abusive, and/or deceptive and/or unconscionable to the

Klosterman Family.

**SECOND CLAIM: MAGNUSON MOSS WARRANTY ACT**

35. The allegations of all other paragraphs and claims in this pleading are incorporated as if fully rewritten herein.

36. This claim is for breach of express and/or implied warranties and violation of the Magnuson-Moss Warranty Act, 15 U.S.C. 2301, et seq. by Nexus Rv and for which Ally is derivatively and secondarily liable.

37. The subject vehicle was a product designed and intended for consumer use.

38. As part of the transaction with the Plaintiffs, Nexus Rv gave and/or made to Plaintiffs one or more written express and/or implied warranties.

39. The Magnuson Moss Warranty Act, at 15 USC 2302 requires that all warrantors "fully and conspicuously disclose in simple and readily understood language the terms and conditions" of their warranty. The Nexus Rv Limited Warranty does not do that; in fact its terms are convoluted, confusing and self-contradictory.

40. The Magnuson Moss Warranty Act, at 15 USC 2308, states that no

supplier may disclaim or modify any implied warranty to a consumer with respect to such consumer product if the supplier makes any written warranty to the consumer with respect to such consumer product, but that is exactly what Nexus did in one or more of its written warranty representations to Plaintiffs. 15 USC 2308 goes on to state that any disclaimer made in violation of that section "shall be ineffective".

41. In the "Nexus Rvs Buyers Agreement" with the Plaintiffs, Nexus Rv did not disclaim any express or implied warranties so by operation of law, Nexus Rv gave Plaintiffs an implied warranty of merchantability by its failure to conspicuously disclaim it.

42. In the "Nexus Rv Buyer's Order" with the Plaintiffs, executed at the same time as the "Nexus Rvs Buyers Agreement," Nexus Rv inserted wording which purported to deny giving any express or implied warranties at all. At the same time, in the "Nexus Rv Buyer's Order," Nexus Rv represented that the subject new vehicle was subject to a written manufacturer's warranty which was "made by the manufacturer and not by us" but Nexus Rv is itself the manufacturer of the subject vehicle.

43. In the Nexus Rv retail instalment contract with the Plaintiffs, Nexus

Rv inconspicuously agreed that warranty information would be provided separately.

44. In the Nexus Rvs limited warranty document on the subject vehicle, Nexus Rv gave a written warranty for one year to Plaintiffs. That document also included wording that stated that the written warranty was in lieu of any implied warranty. Then, using nonsensical wording, it said that if state or federal law prohibited the exclusion of any "remedy" permitted under state or federal law, then any such remedy, "including ... implied warranties of fitness, use, merchantability or purpose, is limited to one(1), but not limited to, any implied warranty of merchantability or fitness for a particular purpose." Later it also says that it disclaims "any implied warranty of merchant ability or fitness for a particular purpose, to the extent applicable law allows and the provisions hereof".

45. As a result of the above, Nexus Rv provided Plaintiffs with inconsistent and contradictory warranty disclosures and thereby violated the Warranty Act.

46. As a result of the allegations set for in the first claim and also above, among other things, Nexus Rv acted in an unfair, and/or abusive, and/or deceptive and/or unconscionable manner and/or

failed to comply with its obligations under the Warranty Act in one or more manners, and that was itself unfair, and/or abusive, and/or deceptive and/or unconscionable to the Klosterman Family.

47. As a result of the allegations set for in the first claim and also above, among other things, Nexus Rv breached its express and/or implied warranties without legal excuse and that was unfair, and/or abusive, and/or deceptive and/or unconscionable to the Klosterman Family.

48. As a result of the above, inter alia, Nexus Rv is in violation of the Warranty Act.

### THIRD CLAIM: INDIANA DECEPTIVE CONSUMER SALES ACT

49. The allegations of all other paragraphs and claims in this pleading are incorporated as if fully rewritten herein.

50. This claim is for violation of the Indiana Deceptive Consumer Sales Act, IC 24-5 et seq by Nexus Rv and for which Ally is derivatively and secondarily liable by virtue of the terms of the instalment contract that it accepted from the seller and dealer, Nexus Rv.

51. As a result of the above, among other things, Nexus Rv committed one or more unfair, or abusive, or deceptive, or unconscionable

acts, omissions, or practices in connection with a consumer transaction between it and one or both Plaintiffs and such acts and/or omissions and/or practices are uncured and/or incurable.

52. As a result of the above, among other things, one or more unfair, and/or abusive, and/or deceptive and/or unconscionable acts and practices were committed by Nexus Rv and remain uncured and/or are incurable, including but not limited to:

    1. Representing that the subject of a consumer transaction has performance, characteristics, accessories, uses, or benefits it does not have which the supplier knows or should reasonably know it does not have

    2. Representing that the subject of a consumer transaction is of a particular standard or quality when it is not and the supplier knows or should reasonably know that it is not

    3. Representing that the transaction involves or does not involve a warranty, a disclaimer of warranties, or other rights, remedies or obligations when the representation was false and the supplier knows or should reasonably know that the representation is false

    4. Representing that the supplier is able to deliver or

complete the subject of the consumer transaction within a stated period of time when the supplier knows or should reasonable know the supplier could not

    5. Breach of Express and/or Implied Warranties

    6. Violation of the Magnuson Moss Warranty Act

    7. Violation of other consumer protection statute(s)

    8. Failing to remedy defects in a warranted vehicle within a reasonable number of attempts

    9. Failing to remedy defects in a warranted vehicle within a reasonable amount of time

    10. Failing to honor a request to take the vehicle back and/or rescind and/or cancel the sales and warranty transaction

    11. Failing to honor a request to take the vehicle back and rescind and/or cancel the sales and warranty transaction within a reasonable amount of time

    12. Including one or more unconscionable and/or unreasonable terms in the written warranty document(s)

    13. Stalling and/or delaying the performance of a legal obligation

    14. Representing that defects have been repaired when in fact

they were not

    15. Representing the supplier is able to deliver or complete the subject of a consumer transaction within a stated period of time when the supplier knows or reasonably should know the supplier could not

    16. Soliciting a person to enter into a contract or agreement that contains terms that are oppressively one sided or harsh and/or in which the terms unduly limit the person's remedies, and/or in which the price is unduly excessive, and there was unequal bargaining power that let the person to enter into the contract or agreement unwillingly or without knowledge of the terms of the contract or agreement.

53.  As a result of the above, among other things, Nexus Rv committed one or more violations of applicable Indiana law, before, during or after a consumer transaction between one or both Plaintiffs and a supplier in relation to the 2016 Nexus Phantom.

**WHEREFORE**, judgment is demanded against defendants as deemed proper and lawful by the Court, cumulatively and/or alternatively as follows:

## PRAYER FOR RELIEF

1. On the first claim, damages as allowed by law, remedies, and relief as deemed proper and lawful by the Court, for more than $50,000 and in such amount as may be proven at trial;

2. On the second claim, damages as allowed by law, remedies, and relief as deemed proper and lawful by the Court, for each and every violation that may be proven at trial;

3. On the third claim, damages as allowed by law, and other damages, remedies, and relief as deemed proper and lawful by the Court, for each and every violation that may be proven at trial;

## ALTERNATIVE PRAYER FOR RELIEF

Or, in the alternative to the damages set forth in the prayer above on any appropriate claim as proven by the evidence, rescission of the contract plus damages and/or statutory remedies and relief as deemed proper, equitable and lawful by the Court, for each and every violation and/or claim which may be proven at trial;

Plus on each and every claim, expenses of suit and litigation, interest from the date of the sales contract, and an Order finding Plaintiffs to have rescinded the transaction and/or to have revoked

acceptance, and an Order requiring Allyto assert its claim or interest in the vehicle which is the subject of this suit and any cross claims or counterclaims against any party hereto or be forever barred therefrom, and for judgment against Ally in an amount to be determined as legal and proper by the Court, reasonable attorney fees, plus all costs, and any and all other legal and equitable relief deemed necessary and just.

Plaintiffs demand trial by jury on all claims and issues.

_____
RONALD L. BURDGE
ELIZABETH A. WELLS
Attorneys for Plaintiffs
8250 Washington Village Drive
Dayton, OH 45458-1850
Telephone:     937.432.9500
Fax:           937.432.9503
Email:         Ron@RvLemonLaw.com
               Beth@BurdgeLaw.com

Z:\data\Klosterman\Core Complaint.wpd